**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SANDRA R. BOVA and MARY J. FIELDS,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 06-453-GPM** |
| ) | |
| **U.S. BANK, N.A., as successor to FIRSTAR** ) | |
| **BANK, N.A., and PIERCE & ASSOCIATES,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

This matter is before the Court on the motion to remand brought by Plaintiffs Sandra R. Bova and Mary J. Fields (Doc. 16). For the following reasons, the motion is **GRANTED**. Plaintiffs' request for an award of attorney fees pursuant to 28 U.S.C. § 1447(c) and Plaintiffs' motion for sanctions (Doc. 19) are **DENIED**. The hearing on the motion to dismiss Plaintiffs' complaint (Doc. 8) brought by Defendant U.S. Bank, N.A. ("U.S. Bank") scheduled to be held at 2:30 p.m. on Monday, August 7, 2006, is **CANCELLED**.

### INTRODUCTION

Plaintiffs bring this action against U.S. Bank as successor to Firstar Bank, N.A. ("Firstar") and Defendant Pierce & Associates in connection with two mortgage foreclosure proceedings that were brought against them by Firstar in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, in 2001 and 2002, respectively. Count I of Plaintiffs' complaint alleges that Firstar, both directly and through the acts of its attorneys, Pierce & Associates, violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 – 505/12

("ICFA").  Count II of Plaintiffs' complaint alleges that Pierce & Associates aided and abetted violations of the ICFA by Firstar.[1]

Plaintiffs originally filed this case in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.  Thereafter Pierce & Associates removed the case to this Court, alleging that it has been fraudulently joined to defeat diversity jurisdiction because Plaintiffs' claims against the firm are time-barred; U.S. Bank joined in the removal.  Plaintiffs have moved for remand to Illinois state court on grounds of procedural defects in removal and lack of federal subject matter jurisdiction.  Additionally, Plaintiffs request an award of costs and expenses, including attorney fees, pursuant to 28 U.S.C. § 1447(c), and have requested sanctions for the allegedly frivolous removal of this action under Rule 11 of the Federal Rules of Civil Procedure.

## DISCUSSION

### A.    Legal Standard

Removal based on diversity requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332; *Id*. § 1441.  *See also Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000).   The party seeking removal has the burden of establishing federal jurisdiction.  *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).  "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum."  *Id*.  Put another way, there is a strong

---

1.    It should be noted that this case is the successor to a case previously filed by Plaintiffs in state court and removed to this Court, *Bova v. U.S. Bank, N.A.*, Civil No. 05-878-GPM (S.D. Ill. filed Dec. 14, 2005), which case was dismissed by the Court on Plaintiffs' motion on January 27, 2006.

presumption in favor of remand.  *See Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).  *See also Littleton*, 2000 WL 356408, at *1 ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

In evaluating diversity of citizenship, a court must disregard a defendant that has been fraudulently joined.  *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Smith v. Shipping Utils., Inc.*, No. Civ. 05-500-GPM, 2005 WL 3133494, at *1 (S.D. Ill. Nov. 23, 2005).  A defendant is fraudulently joined when "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[ ] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).  A defendant seeking removal based on alleged fraudulent joinder has the "heavy" burden of proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there is no possibility the plaintiff can establish a cause of action against a diversity-defeating defendant in a state court.  *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

**B.      Plaintiffs' Motion for Remand**

**1.      Procedural Defects in Removal**

Plaintiffs' motion for remand asserts that the removal of this case is procedurally defective because it was effected by Pierce & Associates, which claims to have been fraudulently joined, rather than by U.S. Bank, the propriety of whose joinder as a Defendant in this case is not at issue, and because Pierce & Associates, as an Illinois citizen, cannot remove this action to a federal court in Illinois.[2]  Additionally, by way of a reply brief in support of their motion for remand, Plaintiffs

---

2.      The parties do not dispute that Pierce & Associates is an Illinois citizen.  Pierce & Associates is a professional corporation organized under the law of Illinois.  Although the notice of removal in this case alleges only that "Pierce and Associates, P.C. is a legal entity that exists and does

contend that the removal of this case is untimely because removal was effected not thirty days from the date U.S. Bank was served with Plaintiffs' complaint but thirty days from the date Pierce & Associates was served with the complaint.

In the Court's view, the fact that removal of this case was effected by Pierce & Associates rather than by U.S. Bank does not render the removal procedurally defective. Pierce & Associates is a party Defendant in this case and therefore has a right to remove based on Plaintiffs' claims against the firm. "The question of which parties may exercise the statutory right of removal has been answered by Congress. Section 1446(a) of Title 28 authorizes removal . . . by the state court defendants; the right of removal is further limited by the basic principle that defendants may remove only on the basis of claims brought against them and not on the basis of counterclaims, cross-claims, or defenses asserted by them." 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice & Procedure* § 3731 (3$^d$ ed. 1998 & Supp. 2006) (footnote & emphases omitted) (collecting cases). *See also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S.

---

business in the State of Illinois," Doc. 5 ¶ 16, the online corporate records of the Illinois Secretary of State regarding Pierce & Associates, available at http://www.cyberdriveillinois.com/home.html, which records the Court has checked against the firm's submissions to the Court, show that Pierce & Associates is incorporated under Illinois law and maintains its principal place of business in Chicago, thus making it an Illinois citizen for diversity purposes. *See* 28 U.S.C. § 1332(c)(1). The Court may of course judicially notice public records and government documents, including those available from reliable sources on the Internet. *See United States v. BioPort Corp.*, 270 F. Supp. 2d 968, 971-72 (W.D. Mich. 2003). *See also County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (the district court would take judicial notice of a publication in the Federal Register describing federal price limitations on prescription medications, a description of the same price-control regime on the federal Department of Health and Human Services web site, a report by that department, a Pharmaceutical Pricing Agreement, complaints filed in two federal lawsuits, and a list of California cities by the League of California Cities); *Boone v. Menifee*, 387 F. Supp. 2d 338, 343 n.4 (S.D.N.Y. 2005) (in a habeas corpus proceeding, the court was entitled to take judicial notice of information on "prisoner locator" websites, such as those maintained by the federal Bureau of Prisons and the New York State Department of Correctional Services).

100, 104-09 (1941) (a plaintiff against whom a counterclaim had been filed could not remove a case to federal court because the removal statute granted the privilege of removal to defendants only); *Thomas v. Shelton*, 740 F.2d 478, 488 (7th Cir. 1984) (claims against third-party defendants are not a basis for removal jurisdiction). Plaintiffs have not cited, and the Court's research has not disclosed, any authority indicating that this case must be remanded because the removing Defendant is also a diversity-defeating party that claims to have been fraudulently joined.

The Court likewise finds to be misplaced Plaintiffs' reliance on the so-called "forum defendant" rule, that is, the principle that removal by a defendant to a federal court in a state of which that defendant is a citizen is procedurally defective. *See Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378-79 (7th Cir. 2000); *LaMotte v. Roundy's, Inc.*, 27 F.3d 314, 315-16 (7th Cir. 1994); *Holmstrom v. Harad*, No. 05 C 2714, 2005 WL 1950672, at *1 (N.D. Ill. Aug. 11, 2005); *Allstate Life Ins. Co. v. Hanson*, 200 F. Supp. 2d 1012, 1014-15 (E.D. Wis. 2002). The forum defendant rule applies only to defendants who have been "properly joined and served" within the meaning of 28 U.S.C. § 1441(b). *See Thornton v. Signature Flight Support Corp.*, No. 04 C 5795, 2004 WL 2608291, at *2 (N.D. Ill. Oct. 14, 2004); *Maple Leaf Bakery v. Raychem Corp.*, No. 99 C 6948, 1999 WL 1101326, at *1 (N.D. Ill. Nov. 29, 1999). Correspondingly, where a resident defendant has been fraudulently joined, the forum defendant rule is irrelevant. *See Merriweather v. Braun*, 792 F. Supp. 659, 661 (E.D. Mo. 1992) (although an action is not removable in diversity if any properly joined defendant is a citizen of the state in which the action is brought, such a case is removable in diversity if a court concludes that the resident defendant has been fraudulently joined). In this case, of course, it is alleged that Pierce & Associates has been fraudulently joined to defeat diversity jurisdiction, making the forum defendant rule irrelevant.

Finally, the Court rejects Plaintiffs' challenge to the timeliness of the removal of this case. The record shows that U.S. Bank and Pierce & Associates were served with Plaintiffs' complaint on April 26, 2006, and May 10, 2006, respectively, and that Pierce & Associates removed the case on June 9, 2006.  In Plaintiffs' reply brief in support of their motion for remand, Plaintiffs argue that the removal of this case is untimely because it was not effected within thirty days from the date that U.S. Bank, rather than Pierce & Associates, was served with Plaintiffs' complaint.  Plaintiffs rely of course upon the so-called "first-served defendant" rule, which holds that a defendant's failure to remove within thirty days of service of a plaintiff's complaint operates as a waiver of the right to remove as to all later-served defendants.  *See Auchinleck v. Town of LaGrange*, 167 F. Supp. 2d 1066, 1068 (E.D. Wis. 2001); *Phoenix Container, L.P. v. Sokoloff*, 83 F. Supp. 2d 928, 932-33 (N.D. Ill. 2000).  In *Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876 (S.D. Ill. May 18, 2006), the Court observed that "recent decisions of the United States Court of Appeals for the Seventh Circuit have somewhat ambiguously adopted the 'last-served defendant' rule, which provides that in cases involving multiple defendants served at different times, each later-served defendant has thirty days from the date of service to remove a case to federal court, with the consent of the remaining defendants." *Id.* at *7 n.7 (citing *Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 455 (7th Cir. 2005), and *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 530 (7th Cir. 2004)).  The Court need not decide whether to apply a "first-served defendant" or "last-served defendant" rule in this case.  Plaintiffs' challenge to the timeliness of the removal of this case was not raised in Plaintiffs' motion for remand and therefore is waived.  *See* 28 U.S.C. § 1447(c); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *2 (S.D. Ill. June 30, 2006).  The Court finds no procedural defect in the removal of this case.

### 2.      Fraudulent Joinder

In this case, Plaintiffs, like Pierce & Associates, are Illinois citizens, while U.S. Bank is an Ohio citizen. *See Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001) (holding that, for diversity purposes, "a national bank is . . . a citizen of . . . the state of its principal place of business and the state listed in its organizational certificate."). Thus, complete diversity of citizenship is lacking in this instance. However, as discussed, Pierce & Associates asserts in its notice of removal that it has been fraudulently joined because Plaintiffs' claims against the firm are time-barred under the two-year statute of limitations in Illinois for claims of legal malpractice. Additionally, in their response brief in opposition to Plaintiffs' motion for remand, Pierce & Associates and U.S. Bank argue that the former has been fraudulently joined because the ICFA does not regulate the practice of law.

### a.      Statute of Limitations

Before reaching the question of whether Pierce & Associates has been fraudulently joined because Plaintiffs' claims against the firm are time-barred, the Court must determine the statute of limitations applicable to Plaintiffs' claims. Pierce & Associates and U.S. Bank contend that Plaintiffs' claims against the law firm are time-barred under 735 ILCS 5/13-214.3, which provides, in pertinent part,

> An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services or (ii) against a non-attorney employee arising out of an act or omission in the course of his or her employment by an attorney to assist the attorney in performing professional services must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.

735 ILCS 5/13-214.3(b). Defendants argue that the statutory language regarding "[a]n action for

damages based on tort, contract, or otherwise" means that all claims under Illinois law against an attorney are governed by the two-year limitations period.  They rely upon *Polsky v. BDO Seidman*, 688 N.E.2d 364 (Ill. App. Ct. 1997), in which the court held that a similarly-worded statute of limitations governing actions against accountants, 735 ILCS 5/13-214.2, applied to a plaintiff's claim of fraud against a public accounting firm.  *See* 688 N.E.2d at 371-73.

In *Ganci v. Blauvelt*, 690 N.E.2d 649 (Ill. App. Ct. 1998), a suit in which children of one spouse alleged that the son of the other spouse had wrongfully deprived them of a portion of the estate of the defendant's mother, the court held that a third-party claim for contribution by the defendant against his attorney, whom the plaintiffs alleged had colluded with the defendant, was not subject to the two-year limitations period set out in 735 ILCS 5/13-214.3.  *See* 690 N.E.2d at 650, 653.  The court held that "the third-party complaint does not set forth a failure of [the attorney's] professional duty to [the third-party plaintiff] but rather conduct on [the attorney's] part whereby he shared culpability for the injuries to plaintiffs."  *Id*. at 653.  The court concluded, "[The] third-party complaint was not a complaint alleging a breach of [the attorney's] duty to [the third-party plaintiff] and was not an action for legal malpractice.  Section 13-214.3(b) . . . did not determine the time limits for bringing the third-party complaint."  *Id*.

In *Cotton v. Private Bank & Trust Co.*, No. 01 C 1099, 2004 WL 526739 (N.D. Ill. Mar. 12, 2004), the court held that the language of 735 ILCS 5/13-214.3(b) "is unambiguous with respect to its exclusive application to attorney malpractice claims."  2004 WL 526739, at *3. "Section 5/13-214.3(b) provides explicitly for a limited reach.  The statute provides for a two-year statute of limitations not merely for 'an act or omission of the attorney' . . . but rather for 'an act or omission *in the performance of professional services*.'"  *Id*. (emphasis in original).  Thus, the court

held that a plaintiff's claims against a law firm for tortious interference with contract, tortious interference with economic expectancy, inducement of breach of fiduciary duty, conversion of assets, and conspiracy to breach a fiduciary duty were not subject to the two-year limitations period under 735 ILCS 5/13-214.3(b) where the law firm had never undertaken to render professional services to the plaintiff. *See* 2004 WL 526739, at **3-4. *Cf. Sinclair v. Bloom*, No. 94 C 4465, 1995 WL 348127, at *4 (N.D. Ill. June 8, 1995) (holding that claims against an attorney for undue influence and breach of fiduciary duty were governed by the two-year limitations period under 735 ILCS 5/13-214.3(b) where the defendant "was acting as an attorney for" the plaintiffs when the misconduct at issue occurred).

Finally, in *Polsky v. BDO Seidman* the court specifically distinguished 735 ILCS 5/13-214.3 from the statute of limitations at issue in that case on the grounds that there was evidence of legislative intent that the former should apply only to actions for legal malpractice. *See* 688 N.E.2d at 372.[3] In this case, as Plaintiffs point out, Pierce & Associates has never undertaken to render legal

---

3.    The Court notes that under Illinois law "[t]he traditional, general rule has been that the attorney is liable only to his client, not to third persons." *Pelham v. Griesheimer*, 440 N.E.2d 96, 99 (Ill. 1982). *See also* 7 Am. Jur. 2d *Attorneys at Law* § 249 (1964 & Supp. 2006) ("[A]n attorney may be held liable to third parties only if he or she has been guilty of fraud or collusion or of a malicious or tortious act.") (collecting cases). It is presumed that the Illinois legislature in enacting 735 ILCS 5/13-214.3 was aware of the common-law rule and that the statute does not repeal the common law absent clear evidence of an intent to do so. *See Reeves v. Eckles*, 222 N.E.2d 530, 531 (Ill. App. Ct. 1966). The Court sees no irreconcilable conflict between the statute and the common law. A reading of 735 ILCS 5/13-214.3(b) that harmonizes both the statute and the common law is that the statutory language regarding "[a]n action for damages based on tort, contract, or otherwise" was meant to extend to, for example, a client's action against an attorney for breach of fiduciary duty, a claim that sounds neither in tort nor contract. *See People v. Community Hosp. of Evanston*, 545 N.E.2d 226, 230 (Ill. App. Ct. 1989). *See also Morris v. Margulis*, 754 N.E.2d 314, 318-20 (Ill. 2001). The Court notes also that its ability to craft novel interpretations of Illinois law is limited, *see In re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1300 (7th Cir. 1995); *Anderson v. Marathon Petroleum Co.*, 801 F.2d 936, 942 (7th Cir. 1986); *Willis v. Bell*, 669 F. Supp. 229, 232-34 (N.D. Ill. 1987), particularly in the context of evaluating a claim of fraudulent joinder, where novel

services to them.  This case obviously is not one for legal malpractice, so that the two-year

limitations period set out in 735 ILCS 5/13-214.3(b) does not govern Plaintiffs' claims.  The statute

of limitations applicable to Plaintiffs' claims against both U.S. Bank and Pierce & Associates is the

three-year limitations period set out in section 10a of the ICFA.  *See* 815 ILCS 505/10a(e).[4]

       In prior decisions the Court, relying upon *Chesapeake & Ohio Railway Co. v. Cockrell*, 232

U.S. 146 (1914), has held that a case-dispositive defense that can be asserted by diverse and non-

diverse defendants alike is not a proper basis for a claim of fraudulent joinder, given that such a

defense "manifestly [goes] to the merits of the action as an entirety, and not to the joinder; that is

to say it indicate[s] that the plaintiff's case [is] ill-founded as to all the defendants." *Simmons v.*

*Norfolk S. Ry. Co.*, 324 F. Supp. 2d 914, 917 (S.D. Ill. 2004) (quoting *Cockrell*, 232 U.S. at 153).

*See also Hauck v. ConocoPhillips Co.*, Civil No. 06-135-GPM, 2006 WL 1596826, at **5-9

(S.D. Ill. June 6, 2006) (refusing to find fraudulent joinder on the basis of evidence equally

_____

issues of state law are to be resolved in favor of remand.  *See Riddle v. Merck & Co.*, Civil No.
06-172-GPM, 2006 WL 1064070, at *6 (S.D. Ill. Apr. 21, 2006); *Rutherford v. Merck & Co.*, 428
F. Supp. 2d 842, 850 n.1 (S.D. Ill. 2006).

4.   Regarding Count II of Plaintiffs' complaint, alleging that Pierce & Associates aided and abetted
ICFA violations by Firstar, the Court will assume for purposes of deciding Plaintiffs' motion for
remand that this claim is governed by the three-year statute of limitations under the ICFA, rather
than, for example, the five-year limitations period for actions for which the Illinois Code of Civil
Procedure does not furnish an express limitations period, *see* 735 ILCS 5/13-205, as it would be
illogical to hold that the limitations period for aiding and abetting a violation of the ICFA is longer
than the limitations period for direct violations of the statute.  *See Roney v. Gencorp*, 431
F. Supp. 2d 622, 638 (S.D.W.Va. 2006) (noting that "the ability to recover for aiding and abetting
necessarily depends upon the ability of a plaintiff to prove the underlying tort" that a defendant is
alleged to have aided and abetted).  The Court is aware that the United States Court of Appeals for
the Seventh Circuit has held that Illinois law does not recognize a tort of aiding and abetting, *see*
*Renovitch v. Kaufman*, 905 F.2d 1040, 1049 (7th Cir. 1990), and that the Supreme Court of Illinois
has held that there can be no liability for aiding and abetting a violation of the ICFA.  *See Zekman v.*
*Direct Am. Marketers, Inc.*, 695 N.E.2d 853, 859-60 (Ill. 1998).  However, the Court is not required
to address this issue in deciding Plaintiffs' motion for remand.

dispositive of the liability of both a diverse defendant and a non-diverse defendant); *Klohr v. Martin & Bayley, Inc.*, Civil No. 05-456-GPM, 2006 WL 1207141, at *3 (S.D. Ill. May 4, 2006) (noting that "the Court could not find fraudulent joinder on the basis of a defense equally applicable as between [a diverse defendant] and [a non-diverse defendant].").

The rule articulated in *Cockrell* that a claim of fraudulent joinder based on grounds that can be asserted by diverse and non-diverse defendants alike is merely an attack on the merits of a plaintiff's case is sometimes called the "common defense" rule. The rule provides generally that "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 113 (3$^d$ Cir. 1990). *See also* E. Farish Percy, *Making a Federal Case of It: Removing Civil Cases to Federal Court Based on Fraudulent Joinder*, 91 Iowa L. Rev. 189, 229-39 (2005). A number of sister courts have held that a defense of the statute of limitations that is equally applicable to a plaintiff's claims against both diverse and non-diverse defendants constitutes a "common defense" within the meaning of *Cockrell* and thus is not an appropriate basis for a claim of fraudulent joinder. *See, e.g., Poole v. American Int'l Group, Inc.*, 414 F. Supp. 2d 1111, 1115-17 (M.D. Ala. 2006); *McGinty v. Player*, 396 F. Supp. 2d 593, 598-601 (D. Md. 2005); *Jones v. State Farm Lloyds*, No. Civ.A. H-05-0634, 2005 WL 1155069, at **2-4 (S.D. Tex. May 10, 2005); *Marshall v. Kansas City S. Ry. Co.*, 372 F. Supp. 2d 916, 921 (S.D. Miss. 2005); *Jones v. Life Ins. Co. of Ga.*, 336 F. Supp. 2d 631, 635-36 (S.D. Miss. 2004); *In re New England Mut. Life Ins. Co. Sales Practices Litig.*, 324 F. Supp. 2d 288, 297-306 (D. Mass. 2004); *Delaney v. Bank of Am. Corp.*, No. Civ.A. 2:03CV299, 2004

WL 1553518, at **2-3 (N.D. Miss. June 16, 2004); *Griffin v. American Gen. Fin., Inc.*, No. Civ.A.1:03CV155-P-D, 2004 WL 716777, at *4 n.5, *5 (N.D. Miss. Mar. 17, 2004); *Cascio v. Conseco Life Ins. Co.*, No. 4:03CV50-D-B, 2003 WL 22243521, at **1-2 (N.D. Miss. Sept. 23, 2003).  The Court finds these decisions persuasive in this case.

Were the Court to hold that Plaintiffs' claims against Pierce & Associates are time-barred, this would establish the law of the case as to whether Plaintiffs' claims against U.S. Bank are time-barred as well.  *See Hauck*, 2006 WL 1596826, at *6 (observing that finding fraudulent joinder on the basis of evidence equally dispositive of the liability of a diverse defendant and a non-diverse defendant would establish the law of the case as to the diverse defendant); *Rutherford*, 428 F. Supp. 2d at 849 ("[T]he Court questions whether a finding that the non-diverse defendants are shielded from liability by the learned intermediary doctrine might have preclusive effects with respect to [the removing defendant] as well.  Presumably a determination that [the non-diverse defendants] are immune from liability under the learned intermediary doctrine would be the law of the case as to [the removing defendant].").  In this connection the Court notes that U.S. Bank already has moved for dismissal of Plaintiffs' claims against it on the grounds that they are time-barred under the ICFA's three-year statute of limitations.  *See* Doc. 8.

Naturally, were the Court to find fraudulent joinder on the grounds that Plaintiffs' claims against Pierce & Associates are time-barred, that ruling would require the Court to give judgment for U.S. Bank on the grounds of the statute of limitations as well.  Moreover, if for some reason the Court were to hold that Plaintiffs' claims against U.S. Bank are not time-barred, this would be tantamount to an admission that Plaintiffs' claims against Pierce & Associates are not time-barred either, requiring immediate remand of this case to state court.  *See Hauck*, 2006 WL 1596826, at *6

(holding that, were the Court to find fraudulent joinder as to a non-diverse defendant on the basis

of evidence equally dispositive of the liability of that defendant and a non-diverse defendant, a

refusal later in the proceedings to give judgment for the diverse defendant on the same grounds "in

turn would require the Court to revisit a ruling that [the non-diverse defendant] was fraudulently

joined[.]"). The Court concludes that the allegation of fraudulent joinder on the basis of the statute

of limitations in this case is merely an allegation that "the plaintiff's case [is] ill-founded as to all

the defendants," *Cockrell*, 232 U.S. at 153, and therefore is not a proper basis for a claim of

fraudulent joinder.[5]

---

5.    The Court notes that in *LeBlang Motors, Ltd. v. Subaru of America, Inc.*, 148 F.3d 680 (7th Cir. 1998), the Seventh Circuit affirmed a finding of fraudulent joinder on the basis of a defense of the statute of limitations common to diverse and non-diverse defendants. *See id.* at 690-92. However, the Court has reviewed carefully the decision in *LeBlang Motors* and the brief and reply brief of the appellants in that case, *see* 1997 WL 33623408 and 1997 WL 33623409, and finds no sign that *Cockrell* and the "common defense" rule engendered by the decision of the Supreme Court of the United States in that case were raised by the parties or otherwise addressed by the Seventh Circuit in *LeBlang Motors*. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Webster v. Fall*, 266 U.S. 507, 511 (1925)). *See also United States v. Mitchell*, 271 U.S. 9, 14 (1926) ("It is not to be thought that a question not raised by counsel or discussed in the opinion of the court has been decided merely because it existed in the record and might have been raised and considered."). This rule applies with particular force where an issue is, as in this instance, jurisdictional. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119 (1984) (quoting *Hagans v. Lavine*, 415 U.S. 528, 533 n.5 (1974)) ("[W]hen questions of jurisdiction have been passed on in prior decisions *sub silentio*, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us."); *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37-38 & nn.8-9 (1952) (a prior decision is not a binding precedent on a point not raised in briefs or arguments nor discussed in a court's opinion: "[T]his Court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed sub silentio."). "When a court resolves a case on the merits without discussing its jurisdiction to act, it does not establish a precedent requiring similar treatment of other cases once the jurisdictional problem has come to light . . . . Often issues lurk in the record of a case but are not brought to the court's attention or discussed by the court. When their significance is recognized, they may be treated as open." *Glidden v. Chromalloy Am. Corp.*, 808 F.2d 621, 625 (7th Cir. 1986). *See also United States v. Daniels*, 902 F.2d 1238, 1241 (7th Cir. 1990) ("Judicial assumptions concerning, judicial allusions to, and judicial discussions of issues that are not contested are not holdings.");

### b.    Applicability of the ICFA to the Practice of Law

As discussed, in their brief in opposition to Plaintiffs' motion for remand, Pierce & Associates and U.S. Bank assert as an alternative basis for fraudulent joinder that Plaintiffs' claims against the law firm are fraudulent because the ICFA does not regulate the practice of law.  The Court rejects this alternative basis for fraudulent joinder, which is untimely and which, like Defendants' allegations of fraudulent joinder based on the statute of limitations, implicates the liability of both Pierce & Associates and U.S. Bank.

Defendants' alternative basis for fraudulent joinder is not properly before the Court because it was not alleged in the notice of removal in this case.  "A notice of removal may be amended more than thirty days after the time to remove has expired 'only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice . . . . Completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however.'" *Alsup v. 3-Day Blinds, Inc.*, Civil No. 06-244-GPM, 2006 WL 1599842, at *4 n.2 (S.D. Ill. June 8, 2006) (quoting 14C Wright, Miller, Cooper & Steinman, *Federal Practice & Procedure* § 3733). *See also Ross v. Thousand Adventures of Iowa, Inc.*, 163 F. Supp. 2d 1044, 1049-50 (S.D. Iowa 2001) (a removing defendant cannot amend its notice of removal more than thirty days from the date it was served with a plaintiff's complaint to include allegations

---

*Maryland Ins. Co. v. Attorneys' Liab. Assurance Soc'y, Ltd.*, 748 F. Supp. 627, 631 & n.5 (N.D. Ill. 1990) (citing, inter alia, Horace, *Ars Poetica*) (noting that, despite the vigilance federal courts must exercise in policing their jurisdiction, "even Homer nodded occasionally.").  In the Court's view, where nothing in the briefing or the decision in *Leblang Motors* speaks to *Cockrell* and the common defense rule, *Leblang Motors* is not precedential as to the question of fraudulent joinder in this case. *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004) (treating the issue of the applicability of the common defense rule to claims of fraudulent joinder as one of first impression, although previous decisions of the court could be read to have resolved the issue sub silentio).

that co-defendants consent to removal that were missing from the original notice); *Fuller v. Exxon Corp.*, 131 F. Supp. 2d 1323, 1329 (S.D. Ala. 2001) (an argument that could have been presented by a defendant at the time of removal in support of its contention that the amount in controversy satisfied the jurisdictional minimum for diversity purposes would not be considered for the first time after the thirty-day time limit for removal had run); *Stein v. Sprint Communications Co., L.P.*, 968 F. Supp. 371, 376 (N.D. Ill. 1997) (doubts about the propriety of allowing amendments to a notice of removal should be resolved against amendment).

Moreover, even assuming for the sake of argument that Defendants' alternative basis for fraudulent joinder is properly before the Court, like Defendants' argument for fraudulent joinder based on the statute of limitations, it proves too much and is in effect a challenge to the liability of both Pierce & Associates and U.S. Bank. The Illinois state courts have held that the ICFA is inapplicable to claims against an attorney arising from the provision of legal services. In *Cripe v. Leiter*, 703 N.E.2d 100 (Ill. 1998), the court refused to apply the ICFA to a law firm's allegedly improper billing of a client for legal services. *See id.* at 107. The court reasoned that regulation of attorneys traditionally has been a judicial, not legislative, responsibility:

> Historically, the regulation of attorney conduct in this state has been the prerogative of this court. In the exercise of this power, this court administers a comprehensive regulatory scheme governing attorney conduct. The Illinois Rules of Professional Conduct adopted by this court set forth numerous requirements to which attorneys in this state must adhere. Violation of these rules is grounds for discipline. This court has appointed an Attorney Registration and Disciplinary Commission (ARDC) to supervise the . . . registration of, and disciplinary proceedings affecting, members of the Illinois bar . . . . This court has also created a procedural scheme under which the ARDC operates, providing detailed regulations involving inquiry, hearing and review boards. The purpose of this regulatory scheme is to protect the public and maintain the integrity of the legal profession.

*Id.* at 105 (citations omitted). The Illinois Supreme Court held that "the attorney-client relationship

in this state, unlike the ordinary merchant-consumer relationship, is already subject to extensive regulation by this court.  The legislature did not, in the language of the Consumer Fraud Act, specify that it intended the Act's provisions to apply to the conduct of attorneys in relation to their clients." *Id*. at 106.  "Given this court's role in that arena, we find that, had the legislature intended the Act to apply in this manner, it would have stated that intention with specificity.  Absent a clear indication by the legislature, we will not conclude that the legislature intended to regulate attorney-client relationships through the Consumer Fraud Act."  *Id*. (citation omitted).

Thus, under *Cripe*, the ICFA does not apply where "allegations of misconduct arise from a defendant's conduct in his or her capacity as an attorney representing a client."  703 N.E.2d at107.  The language of *Cripe* could be interpreted as holding only that the ICFA does not regulate the attorney-client relationship, as opposed, that is, to relationships between attorneys and non-clients. *See id*. at 106 (the ICFA does not apply to an attorney for "claims arising out of the attorney-client relationship.").  However, sister federal courts in this Circuit have given an expansive construction of the language of *Cripe*, noting that the Illinois Supreme Court "was not solely interested in the attorney-client relationship in *Cripe*, but also focused on the nature of law as a business historically regulated by the Illinois Supreme Court, not the Illinois legislature."  *Shalabi v. Huntington Nat'l Bank*, No. 01 C 2959, 2001 WL 777055, at *2 (N.D. Ill. July 11, 2001).  *See also Zanayed v. Gertler & Gertler, Ltd.*, No. 99 C 5150, 2000 WL 294183, at *2 (N.D. Ill. Mar. 17, 2000) ("The key to Illinois' treatment of the issue lies in the courts' recognition that attorneys are particularly subject to special regulation and license requirements of the Illinois Supreme Court and its agencies."); *Shaffer v. Respect, Inc.*, No. 97 C 4482, 1999 WL 281345, at *6 (N.D. Ill. Mar. 31, 1999) ("[T]he legislature did not intend for the [ICFA] to apply to attorney conduct because unlike ordinary

merchant-customer relationships, the attorney-client relationship in Illinois is already subject to extensive regulation.").  Although as discussed the Court is constrained at this juncture to construe state law against removal, even assuming a broad interpretation of *Cripe* is correct, the Court cannot find fraudulent joinder on the grounds that the conduct of Pierce & Associates is not subject to regulation under the ICFA because such a finding would operate to discharge the liability of U.S. Bank as well.

The subject matter of this case is of course acts taken by Pierce & Associates on behalf of Firstar in the course of a legal representation.  Specifically, Plaintiffs allege that Pierce & Associates, as attorneys for Firstar, filed a mortgage foreclosure action against them in the Madison County Circuit Court in 2001, *see* Complaint ¶¶ 4-5; that during settlement negotiations concerning the foreclosure action Pierce & Associates told Plaintiffs that the firm would forward settlement documents to Plaintiffs, but failed to do so, with the result that Plaintiffs defaulted on their mortgage payments, *see id.* ¶¶ 7-10; that Pierce & Associates dismissed the foreclosure action without notice to Plaintiffs, then filed a second such action in the same court in 2002, *see id.* ¶ 9, ¶¶ 11-12; and that as a result of the second foreclosure action brought against them by Pierce & Associates on behalf of Firstar, a judgment was entered against Plaintiffs and in favor of Firstar, with the result that Plaintiffs were required to pay the judgment, together with attorney's fees, interest, and costs, and suffered damage to their credit rating because of the judgment.  *See id.* ¶¶ 12-15.  The damages sought by Plaintiffs are the amount of the foreclosure judgment and associated fees, interest, and costs, as well as the injury to their credit rating caused by the judgment, together with an award of punitive damages and attorney's fees under the ICFA for the omissions and affirmative misrepresentations whereby Firstar and Pierce & Associates allegedly procured the judgment.

*See id.* ¶¶ 25-26, ¶ 31.[6]  Any finding by the Court that the conduct of Pierce & Associates at issue

in this case is not subject to regulation by the ICFA is, in all likelihood, case-dispositive, given that,

as a reading of Plaintiffs' complaint aptly demonstrates, the liability of U.S. Bank, as Firstar's

successor, is primarily, if not completely, derivative of the liability of Pierce & Associates.

      In *Cockrell v. Chesapeake & Ohio Railway Co.*, the United States Supreme Court rejected

a principal's claim of fraudulent joinder based on the alleged non-negligence of its non-diverse

agents, holding that where "[the principal's] liability, like that of the two employees, was, in effect,

predicated upon the alleged [misconduct] of the latter, the showing manifestly went to the merits of

the action as an entirety, and not to the joinder."  232 U.S. at 153.  Likewise, in *Hauck* this Court

refused to find fraudulent joinder on the basis of evidence equally dispositive of the liability of a

diverse principal and its non-diverse agent, given that "any resolution of [the agent's] liability

necessarily operates to discharge the liability of [the principal] as well because . . . the liability of

[the principal] in this case is, at least in part, derivative of that of its agent."  2006 WL 1596826,

at *9.  *See also Simmons*, 324 F. Supp. 2d at 916-17 (refusing to find fraudulent joinder on the

grounds that the non-diverse employees of a diverse defendant had not been negligent).  In this case,

any finding of fraudulent joinder as to Pierce & Associates is necessarily dispositive, in part or, more

likely, in whole, of the liability of U.S. Bank, because Plaintiffs allege the law firm acted at all times

as the agent of Firstar, U.S. Bank's predecessor in interest.  *See* Complaint ¶ 22.  *See also*

*United States v. 7108 West Grand Ave., Chicago, Ill.*, 15 F.3d 632, 634 (7th Cir. 1994) ("[A]n

---

6.    The Court assumes, without deciding, that this case presents no defect in federal subject matter
jurisdiction pursuant to the *Rooker-Feldman* doctrine.  *See Exxon Mobil Corp. v. Saudi Basic Indus.*
*Corp.*, 544 U.S. 280, 293 (2005); *Goddard v. Citibank, NA*, No. 04CV5317 (NGG)(LB), 2006
WL 842925, at **5-6 (E.D.N.Y. Mar. 27, 2006).

attorney's errors and misconduct are attributed to his clients.  The clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds."); *Horwitz v. Holabird & Root*, 816 N.E.2d 272, 279 (Ill. 2004) (holding that a client is vicariously liable for an attorney's allegedly intentional tortious conduct if the attorney acted as the client's agent).[7]

Given that the alleged misconduct of Pierce & Associates as the agent of U.S. Bank's predecessor Firstar is "the principal matter in dispute" in this case, any finding of non-liability as to Pierce & Associates "manifestly [goes] to the merits of the action as an entirety, and not to the joinder." *Cockrell*, 232 U.S. at 153.  *See also Williams v. Union Nat'l Life Ins. Co.*, No. Civ.A.5:03CV46(BR)(S), 2004 WL 2151283, at *2 (S.D. Miss. Sept. 20, 2004) (refusing to find fraudulent joinder based on defenses common to diverse and non-diverse defendants where the defenses "equally affect all defendants in this case through the doctrine of respondeat superior."); *In re New England Mut. Life Ins. Co. Sales Practices Litig.*, 324 F. Supp. 2d at 305 (holding that plaintiffs had not fraudulently joined non-diverse defendants where the plaintiffs' claims were based on respondeat superior:  "[I]f no cause of action can be stated against the non-diverse defendants for their alleged torts, no case exists against [defendant] New England.  (For example, if a statute of

---

7.    The Court notes that Illinois law establishes a relatively high burden for imposing vicarious liability on a client for the misconduct of an attorney.  Specifically, when a plaintiff seeks to hold a client vicariously liable for an attorney's allegedly intentional tortious conduct, the plaintiff must prove facts demonstrating either that the client specifically directed, controlled, or authorized the attorney's precise method of performing work on behalf of the client or that the client subsequently ratified acts performed in the exercise of the attorney's independent judgment.  *See Horwitz*, 816 N.E.2d at 279.  If there is no evidence that the client directed, controlled, authorized, or ratified the attorney's allegedly tortious conduct, no vicarious liability can attach.  *See id*.  Agency, however, is a question of fact, *see Chemtool, Inc. v. Lubrication Techs., Inc.*, 148 F.3d 742, 746 (7th Cir. 1998), and at this juncture the Court's task is to avoid pretrying a plaintiff's claims on their merits and to resolve all issues of fact in favor of remand.  *See Riddle*, 2006 WL 1064070, at *5.

limitation has run on a claim against a non-diverse defendant, it necessarily has run for New England.)  Accordingly, the arguments offered by New England to prove fraudulent joinder simultaneously show that no case can be made against the diverse defendant."); *Jenkins v. Union Nat'l Life Ins. Co.*, No. Civ.A. 4:03CV0034-P-B, 2004 WL 555250, at *2 (N.D. Miss. Mar. 15, 2004) (holding that "[t]he 'common claims or defenses' test applies" to a claim of fraudulent joinder asserted by a diverse principal as to a non-diverse agent, because a finding of fraudulent joinder as to the agent "necessarily involves a decision on the merits as to the [principal] given the doctrine of respondeat superior."); *Polk v. Lifescan, Inc.*, No. Civ.A. 4:03CV020-P-B, 2003 WL 22938056, at *3 (N.D. Miss. Sept. 22, 2003) (noting that in cases removed on the basis of alleged fraudulent joinder in which the liability of a removing defendant is derivative of the liability of a non-diverse defendant, "a ruling on the claims against the local-agent defendant necessarily involves a decision on the merits of the claims against the diverse principal defendant given *respondeat superior* doctrine.").  The Court cannot find fraudulent joinder on the grounds that the conduct of Pierce & Associates at issue in this case is not subject to regulation under the ICFA.

It appears from the record in this case that Defendants can marshal potent defenses to Plaintiffs' claims.  However, the validity of those defenses will have to be tested in state court. "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *United States v. Tittjung*, 235 F.3d 330, 339 (7th Cir. 2000) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).  The Court has no power to resolve the liability of diverse defendants in making jurisdictional determinations.  Therefore, this case will be remanded to Illinois state court for lack of federal subject matter jurisdiction.

### 3.      Costs and Expenses under 28 U.S.C. § 1447(c)

Plaintiffs request an award of costs and expenses pursuant to 28 U.S.C. § 1447, which provides, in pertinent part, "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704 (2005), the Court held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 711.  The Court concludes in its discretion that an award pursuant to section 1447(c) is not appropriate in this case.  There is no evidence here that this case was removed for the purpose of prolonging litigation or increasing Plaintiffs' costs in prosecuting the case.  Although the Court ultimately found that federal subject matter jurisdiction does not exist in this case, the removal was not objectively unreasonable.  *See Orbitz, LLC v. Worldspan, L.P.*, 425 F. Supp. 2d 929, 933 (N.D. Ill. 2006); *Impact Gel Corp. v. Rodeen*, No. 05-C-223-C, 2005 WL 3555422, at *2 (W.D. Wis. Dec. 27, 2005).  Therefore, the Court declines to award costs and expenses, including attorney fees, pursuant to 28 U.S.C. § 1447(c).[8]

### <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' motion to remand (Doc. 16) is **GRANTED**.  Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.  Plaintiffs' request

---

8.    Because the Court declines to award costs and expenses, including attorney fees, under 28 U.S.C. § 1447(c), the Court also declines to award such costs and fees under the more stringent standard for such an award under Rule 11 of the Federal Rules of Civil Procedure, as requested by Plaintiffs in their motion for sanctions (Doc. 19).  *See Burda v. M. Ecker Co.*, 2 F.3d 769, 775-76 (7th Cir. 1993); *Samuel v. Langham*, 780 F. Supp. 424, 428 (N.D. Tex. 1992).

for an award of attorney fees pursuant to 28 U.S.C. § 1447(c) and Plaintiffs' motion for sanctions (Doc. 19) are **DENIED**.  The hearing on U.S. Bank's motion to dismiss Plaintiffs' complaint (Doc. 8) scheduled to be held at 2:30 p.m. on Monday, August 7, 2006, is **CANCELLED**.

**IT IS SO ORDERED.**

DATED:  8/4/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge